```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRENDA ORR,                       :
          Plaintiff
                                  :

          vs.                     : CIVIL NO. 1:CV-04-0557

METROPOLITAN LIFE INSURANCE       :
COMPANY, INC. a/k/a METLIFE,
INC. a/k/a METLIFE DISABILITY     :
a/k/a METLIFE GROUP, INC.,
          Defendant               :
```

M E M O R A N D U M

*I.    Introduction*

Plaintiff, Brenda Orr, filed suit against Defendant, Metropolitan Life Insurance Company (MetLife), the insurer of an Employee Benefit Plan at her former employer, Electronic Data Systems (EDS).  Orr seeks relief pursuant to the Employee Retirement Income Security Act (ERISA), specifically 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3), to recover benefits and obtain equitable relief.

We are considering motions from both parties. MetLife's two motions include a Motion to Dismiss Count II of Orr's Amended Complaint and a Motion for a Protective Order. (docs. 37, 45)  Orr has moved to preclude MetLife from supplementing the administrative record or, in the alternative, for an order permitting discovery.  (doc. 40)  For the reasons set forth below, we will grant MetLife's Motion to Dismiss Count

II of the Amended Complaint, deny MetLife's Motion for Protective Order, and deny Orr's Motion to Permit Discovery.

*II.   Background*

Orr was an employee of EDS and through her employment participated in an Employee Benefit Plan (Plan) issued to EDS by MetLife. The Plan provided short- and long-term disability benefits to qualified employees.

In June 2000, Orr allegedly suffered serious injuries while on vacation and could not return to work. Orr received short-term disability benefits under the Plan until December 11, 2000. Orr then received long-term disability benefits from December 12, 2000, until February 9, 2002. Orr alleges that MetLife terminated her benefits and employment with EDS in February 2002 after she failed to return to work in order to keep a doctor's appointment. MetLife claims that it terminated Orr's benefits because she was no longer disabled under the terms of the Plan.

Orr's original complaint seeking recovery for breach of contract and violations of various Pennsylvania statutes as well as punitive damages was removed to this Court and dismissed on February 17, 2005, pursuant to a stipulation between the parties. (doc. 24) The stipulation allowed Orr to exhaust her appeal of MetLife's denial of long-term disability benefits. Under the stipulation, Orr could move to reinstate her action

and file an amended complaint depending on the outcome of her appeal. MetLife subsequently affirmed its denial of benefits and Orr filed an amended complaint to recover benefits and other equitable relief under ERISA. (doc. 31)

*III. Discussion*

    *A. MetLife's Motion to Dismiss Count II
       of the Amended Complaint*

After exhausting her administrative remedies, Orr filed an amended complaint containing two counts for relief. Count I seeks benefits due under the Plan pursuant to 29 U.S.C. § 1132 (a)(1)(B).[1] Count II seeks equitable relief for breach of fiduciary duty pursuant to 29 U.S.C. § 1132 (a)(3).[2] MetLife has moved to dismiss Count II as violating the terms of the February 17, 2005, stipulation and failing to state a claim upon

---

[1] 29 U.S.C. § 1132 (a)(1)(B) provides: "A civil action may be brought . . . (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ."

[2] 29 U.S.C. § 1132 (a)(3) provides: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . ."

which relief may be granted.[3]  We will grant MetLife's motion and dismiss Count II of Orr's amended complaint.

In considering a motion to dismiss, we must dismiss a claim that fails to assert a basis upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  We will accept as true the factual allegations in the complaint and construe any inferences to be drawn from those allegations in the plaintiff's favor. *See United States v. Occidental Chem. Corp.*, 200 F.3d 143, 147 (3d Cir. 1999).

MetLife presents two arguments in support of its motion.  First, that by including Count II, Orr has "unilaterally and improperly expanded the terms of the stipulation."  (doc. 38, p. 6)  Second, MetLife contends that a claim for equitable relief pursuant to § 1132 (a)(3) is precluded when a plaintiff also seeks relief for wrongful termination of benefits under § 1132(a)(1)(B).  (doc. 38, p. 9)

---

[3] Orr also contends that MetLife has waived its argument that Orr violated the stipulation because MetLife failed to deny that it concurred in Orr's Motion to Reinstate the complaint. We reject Orr's argument.  The stipulation entered into by the parties contemplated reinstatement of the complaint in the event that MetLife denied Orr's claim for benefits, not the addition of a new claim, which Count II is.  MetLife could not have known about the new claim until the amended complaint was filed. Hence its failure to respond to Orr's request for concurrence did not waive its objections to Count II.

4

In response, Orr argues that the stipulation does not limit her right to assert claims "based on facts arising after the stipulation." (doc. 39, p. 4). According to Orr, Count II is based on MetLife's failure to provide a "full and fair review" of Orr's claim after the parties stipulated to dismiss the complaint pending resolution of Orr's appeal. *Id*. Additionally, Orr argues that a party may simultaneously present a claim for equitable relief and wrongful denial of benefits. *Id*. at 9. Finally, Orr contends that it would be inappropriate to dismiss Count II at this point because it is unclear whether her claim for benefits under Count I will adequately remedy her injury. *Id*. at 12.

We reject Orr's argument that the stipulation does not apply to a cause of action arising between approval of the stipulation and MetLife's decision to deny Orr's appeal for benefits. The stipulation provides, in relevant part:

> In the event that Brenda Orr's claim for continuation of LTD benefits based on disability is denied and, in the event that administrative remedies are exhausted, Plaintiff Brenda Orr may reinstate this action and amend the Complaint to include a count for wrongful denial of continuation of LTD benefits based on disability . . . .
> (doc. 24, ¶ 5)

By its plain language, the stipulation identifies Orr's cause of action if MetLife denied Orr's appeal. Therefore, Count II of Orr's amended complaint exceeds the provisions of the stipulation.

5

We will also dismiss Count II of Orr's amended complaint because Count I, if successful, will provide adequate relief. We conclude that ERISA precludes a plaintiff from seeking relief under § 1132 (a)(3) when adequate relief is available under § 1132 (a)(1)(B). Section 1132 (a)(3)(B) allows a plan participant to recover "other appropriate equitable relief." In *Varity Corp. v. Howe*, 516 U.S. 489, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996), the Supreme Court explained: "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would normally not be 'appropriate.'" *Id*. at 515. The Court in *Varity* permitted plaintiffs to proceed on a breach of fiduciary duty claim under § 1132 (a)(3) because the plaintiffs could not seek relief under other ERISA provisions. *Id*. Similarly, in *Ream v. Frey*, 107 F.3d 147 (3d Cir. 1997) the Third Circuit permitted a plaintiff to seek recovery under § 1132 (a)(3) because the plaintiff had no other means to recover under ERISA. *Id*. at 152.

Orr, unlike the plaintiffs in *Varity* and *Ream*, can maintain a claim under § 1132 (a)(1)(B) which will provide adequate relief. Count II in Orr's amended complaint is similar to a claim the court dismissed in *Emil v. Unum Life Ins. Co. of America*, No. 3:CV 02-2019, 2003 WL 256781 (M.D. Pa. Feb. 5, 2003). In *Emil*, the court dismissed Plaintiff's claim for equitable relief under § 1132 (a)(3) because it was "no more

than a claim that Defendant wrongfully denied him benefits under the terms of the plan." *Id*. at \*2.  The court concluded that the availability of a remedy under § 1132 (a)(1)(B) precluded an overlapping claim under § 1132 (a)(3).  *Id*.

Orr's claim for equitable relief under § 1132 (a)(3) is based upon MetLife's purported failure to act for Orr's benefit, its failure to act according to the guidelines of the Plan, and its failure to disclose certain information regarding the denial of Orr's benefits claim.  (doc. 31, ¶ 39)  These allegations relate to the ultimate decision by MetLife to deny disability benefits under the Plan.  Therefore, Orr's cause of action under § 1132(a)(1)(B), which allows a beneficiary to recover benefits due under the plan, will, if successful, provide adequate relief.[4]  Count II of the amended complaint will be dismissed.

   *B.  MetLife's Motion for Protective Order*

On November 9, 2004, this Court entered a discovery order.  (doc. 18)  Subsequently, the parties agreed to dismiss the case pending the outcome of Orr's appeal of her denial of benefits.  MetLife upheld its denial and Orr filed an amended

---

[4] We also reject Orr's argument that Count II cannot be dismissed at the pleading stage because it is unclear whether § 1132(a)(1)(B) provides an adequate remedy to redress Orr's injury.  The availability of a claim under § 1132 (a)(1)(B) precludes a claim under § 1132 (a)(3) as a matter of law. *Jurgovan v. ITI Enterprises*, No. 03 C 4627, 2004 WL 1427115, at \*4 (N.D. Ill. June 23, 2004).

7

complaint.  Orr then served Notices of Deposition for MetLife's corporate designee as well as Shelly Gardner, the appeal specialist who handled Orr's claim.  MetLife now moves for a protective order precluding Orr from deposing Gardner.  (doc. 45, p. 4)  We reject MetLife's motion and will allow Orr to depose Gardner.

In support of its motion, MetLife contends that Gardner's role was limited to reviewing Orr's file on appeal and Gardner cannot offer testimony relevant to any conflict of interest on the part of MetLife.  (doc. 46, p. 4)  Orr responds that she may introduce evidence of a potential conflict of interest by MetLife to establish the proper standard of review for the court.  (doc. 48, p. 8)  Additionally, according to Orr, Gardner's deposition is necessary to determine whether MetLife complied with the procedures required by the benefits plan, ERISA, and the Department of Labor regulations.  *Id*. at 9.

The November 9, 2004, discovery order permitted Orr to depose the original claims specialist to establish MetLife's potential conflict of interest and discover specific information related to the administrative record.  Count I of Orr's amended complaint is based on the decision of Gardner, a different claims administrator, but concerns the same potential conflict of interest.  Therefore, the deposition of Shelly Gardner is proper pursuant to the same limitations in the November 9, 2004, order.

> *C. Orr's Motion to Preclude MetLife From Supplementing the Administrative Record or, in the Alternative, Permitting Discovery*

Finally, Orr moves to preclude MetLife from supplementing the administrative record with documents used by MetLife in evaluating Orr's appeal. After MetLife upheld its decision to deny benefits, Orr requested the documents MetLife relied upon in reaching this decision. MetLife failed to provide them, instead providing the claim file used in its initial decision to terminate benefits. Orr nonetheless reinstated her action and filed an amended complaint pursuant to the stipulation. At some point thereafter, MetLife provided the documents considered on Orr's appeal. (doc. 44, p. 7). Orr's motion seeks to preclude MetLife from adding these documents to the administrative record or, in the alternative, to compel MetLife to respond to discovery requests. We will deny Orr's motion.

Orr contends that ERISA's regulations required MetLife to advise her of the right to receive a copy of her claim file and provide the entire claim file within thirty days of a request. (doc. 40, ¶¶ 5-6). Regardless of MetLife's potential obligations under the relevant regulations, Orr has now obtained this information. (doc. 44, p. 7) Therefore, Orr was not prejudiced by MetLife's failure to provide the documents in a timely manner. Further, Orr will have the opportunity to depose

MetLife's appeal specialist according to the limitations of the Court's November 9, 2004, Order.

In the alternative, Orr argues that if we consider these documents as part of the administrative record, we should compel MetLife to respond to Orr's discovery requests. *Id*. at 6. MetLife responds that it has yet to respond to Orr's discovery requests and compelling MetLife to respond would unfairly sanction it by infringing its right to object under the Federal Rules of Civil Procedure.

We agree with MetLife. Its response to Orr's discovery requests was due on September 7, 2006. Orr may move to compel discovery pursuant to Federal Rule of Civil Procedure 37 if MetLife's responses failed to make the proper disclosures.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 28, 2006

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRENDA ORR,                       :
        Plaintiff
                                  :

        vs.                       : CIVIL NO. 1:CV-04-0557

METROPOLITAN LIFE INSURANCE       :
COMPANY, INC. a/k/a METLIFE,
INC. a/k/a METLIFE DISABILITY     :
a/k/a METLIFE GROUP, INC.,
        Defendant                 :
```

O R D E R

AND NOW, this 28th day of September, 2006, upon consideration of the motions of both parties, based on the accompanying memorandum, it is hereby ordered that:

   1. Count II of Plaintiff's amended complaint is dismissed.

   2. Defendant's Motion for Protective Order (doc. 45) is denied. Plaintiff may depose Shelly Gardner according to the limitations set forth in the Court's November 9, 2004, Order.

   3. Plaintiff's motion to preclude defendant from supplementing the administrative record or, in the alternative, permitting discovery (doc. 40) is denied.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge